UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TAMMY H., | ) |
|             *Plaintiff* | ) ) ) ) |
| v. | )   No. 1:19-cv-00488-DBH ) |
| ANDREW M. SAUL, **Commissioner of Social Security,** | ) ) ) ) |
|             *Defendant* | ) |

### REPORT AND RECOMMENDED DECISION[1]

This Supplemental Security Income (SSI) appeal raises the question of whether the administrative law judge (ALJ) supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the bases that the ALJ erred in assessing her mental RFC and ignored post-hearing evidence bearing on numbers of jobs. *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 11) at 4-14. I find no reversible error and, accordingly, recommend that the court affirm the commissioner's decision.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff had the severe impairments of anxiety disorder and attention deficit hyperactivity disorder (ADHD), Finding 2, Record at 14; that she had the RFC to perform light

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

work as defined in 20 C.F.R. § 416.967(b), except that she was limited, *inter alia*, to performing simple, routine tasks with no more than occasional decision-making and no more than occasional interaction with co-workers, supervisors, and the public, Finding 4, *id*. at 17; that, considering her age (43 years old, defined as a younger individual, as of the date her application was filed, September 13, 2016), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 6-9, *id*. at 20; and that she, therefore, had not been disabled from September 13, 2016, the date her application was filed, through the date of the decision, January 14, 2019, Finding 10, *id*. at 21. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 416.1481; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Mental RFC

The plaintiff challenges the ALJ's mental RFC determination on several bases, contending that he impermissibly construed raw medical evidence, failed to account for his finding of a moderate limitation in concentration, persistence, or pace, and failed to explain how his assessed limitations addressed her "specific subjective complaints, *e.g.*, poor focus, difficulty concentrating, difficulty completing tasks, inability to meet quotas." Statement of Errors at 4-10 (citations omitted). For the reasons that follow, I conclude that the ALJ assessed a mental RFC more favorable to the plaintiff than the record would otherwise support, rendering any error harmless.[2]

In assessing the plaintiff's mental RFC, the ALJ explained that he gave "the most weight" to the opinions of the agency nonexamining consultants, who concluded that the plaintiff's mental impairments were nonsevere. *See* Record at 19; *see also id*. at 284-85 (December 7, 2016, opinion of Mary A. Burkhart, Ph.D.), 296 (March 13, 2017, opinion of Brian Stahl, Ph.D.). He elaborated:

> While the undersigned has provided some limitations in the [plaintiff]'s ability to perform basic mental work activities, these are primar[il]y based from the subjective complaints of the [plaintiff] and her use of psychotropic medications. Thus, even though the undersigned finds that the [plaintiff] is more limited, their premise that the [plaintiff] is not disabled is consistent with the medical evidence of record, which supports a finding that she can perform simple, unskilled work.

*Id*. at 19 (citations omitted).

---

[2] Shortly before oral argument, the plaintiff filed two demonstrative aids and a statement of supplemental authorities describing 13 cases. *See* ECF Nos. 16, 17, 20. As counsel for the commissioner noted at oral argument, all of the listed supplemental authorities except for *Jamie A. V. v. Saul*, No. 1:19-cv-00386-JDL, 2020 WL 2838546 (D. Me. June 1, 2020) (rec. dec., *aff'd* July 23, 2020), were available as of March 10, 2020, the date the plaintiff filed her statement of errors. *See* Statement of Errors; ECF No. 20. A statement of supplemental authorities should be confined to authorities unavailable as of the date of the filing of the statement of errors. Otherwise, as counsel for the commissioner observed, such a filing is in substance a reply brief, which is not permitted as of right pursuant to Local Rule 16.3(a)(2) and, accordingly, requires leave of court to file, which was not requested. Only *Jamie A.V.* is thus properly considered, though I find that none of the 13 cases is outcome-determinative in the plaintiff's favor.

The ALJ gave less weight to the opinions of two treating sources, Larry Newman, M.D., and Karen Davis, N.P., that the plaintiff had marked mental restrictions, which he deemed unsubstantiated by the objective evidence of record and N.P. Davis's own treatment notes. *See id.*

Finally, the ALJ discounted the plaintiff's subjective allegations in part, explaining:

> The [plaintiff]'s subjective complaints support some limitations related to her ability to perform basic mental work activities. She has reported symptoms related to her anxiety and ADHD, such as poor focus, difficulty concentrating, difficulty completing tasks, inability to handle stressful situations, poor energy, and anxiety. These subjective complaints support some limitations related to her ability to perform basic work activities; however, her lack of engagement [in] behavioral health treatment, her objective findings, and her ability to pay off her child support debt do not support the severity of her allegations and are more consistent with her ability to perform the work activity articulated in the restricted range of light exertion [RFC] above.

*Id*. at 18 (citations omitted).[3]

At oral argument, the plaintiff's counsel asserted that, in purporting to give some weight to his client's testimony, the ALJ had ignored the major problem: that the plaintiff had testified that she was unable to work on a regular basis, arriving late, leaving early, or not showing up at all. As a result, he reasoned, the ALJ did not rely in any meaningful way on his client's statements or give her the benefit of the doubt but, rather, impermissibly construed the raw medical evidence. He cited *Staples v. Colvin* ("*Donald Staples II*"), No. 2:15-cv-392-DBH, 2016 WL 4146083 (D. Me. Aug. 3, 2016) (rec. dec., *aff'd* Oct. 6, 2016), for the proposition that an ALJ's RFC finding must be traceable to evidence of record – a link that he contended is missing here. As a result, he argued, the case of *Christopher G. v. Berryhill*, No. 1:17-cv-00289-JHR, 2018 WL 4658676 (D. Me. Sept. 27, 2018), is controlling in his client's favor. *See Christopher G.*, 2018 WL 4658676,

---

[3] The ALJ noted, for example, that findings on mental status examination typically had been normal, the plaintiff had received "limited care from mental health specialists," her anxiety and ADHD symptoms had been "stable" on psychotropic medications, and, while her use of a calendar with notations was "supportive of some memory deficits," she could engage in other activities that were inconsistent with the extent of mental limitation alleged, such as shopping independently, driving, and working. Record at 18.

4

at *3-4 (remand warranted when ALJ who purported to adopt a claimant's subjective statements did not adequately address evidence from a treating source or the claimant regarding the claimant's social functioning deficits).

As a threshold matter, while the ALJ did not discuss how he derived specific components of his mental RFC from specific subjective statements, he made reasonably clear that he had not credited the plaintiff's allegation that she was unable to work on a regular basis. In rejecting the opinions of Dr. Newman and N.P. Davis, he explained that Dr. Newman's "off-task limitation" was "not substantiated by any objective findings in the record" and that N.P. Davis' opinion that the plaintiff "would be unable to meet the demands of competitive employment, due to her inability to attend work on a regular and continuing basis[,]" was "an over-estimation of [the plaintiff's] limitations as evidenced by the inconsistencies between her treatment notes and her findings as set forth in her opinions." Record at 19 (citations omitted).

In any event, as the commissioner argues, *see* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 13) at 1, 5-10, any error is harmless because the ALJ assessed a mental RFC more favorable to the plaintiff than the record would otherwise support.

As counsel for the commissioner contended at oral argument, *Christopher G.* is distinguishable in that the ALJ in that case gave little weight to both the opinion of an agency nonexamining consultant that the claimant's mental impairments were nonsevere and the opinion of a treating counselor that he had a number of marked impairments. *See Christopher G.*, 2018 WL 4658676, at *2. Further, in *Christopher G.*, the claimant challenged the ALJ's assignment of little weight to the opinion of his treating counselor. *See id*. In this case, by contrast, the ALJ gave the "most weight" to the opinions of the agency nonexamining consultants, Drs. Burkhart and Stahl, who had deemed the plaintiff's mental impairments nonsevere. Record at 19. The plaintiff

does not separately challenge that assignment of weight, the ALJ's discounting of her treating sources' opinions, or his partial discounting of her subjective allegations. *See* Statement of Errors at 4-11.[4]  Against that backdrop, the ALJ assessed a mental RFC more favorable to the plaintiff than the record would otherwise support. *See, e.g., Lee v. Berryhill*, No. 2:17-cv-00040-JHR, 2018 WL 793595, at *5 (D. Me. Feb. 8, 2018) ("In circumstances in which an ALJ supportably rejects a treating physician opinion but . . . adopt[s] an RFC more favorable to the claimant than those set forth in expert opinions on which the ALJ otherwise could have relied, remand is unwarranted."); *see also, e.g., Tyler H. v. Saul*, 1:19-cv-00005-GZS, 2019 WL 2648446, at *5 (D. Me. June 27, 2019) (rec. dec., *aff'd* July 15, 2019) ("To the extent the ALJ's RFC . . . included restrictions more favorable to [the claimant] than some or all [of] the experts based in part on [the claimant's] testimony, the ALJ's RFC finding was not error.").

The plaintiff cites *Hadley v. Berryhill*, No. 1:16-cv-00568-JAW, 2017 WL 4876781 (D. Me. Oct. 29, 2017) (rec. de c., *aff'd* Apr. 9, 2018), and *Staples v. Berryhill* ("*Lisa Staples*"), No. 1:16-cv-00091-GZS, 2017 WL 1011426 (D. Me. Mar. 15, 2017) (rec. dec., *aff'd* Mar. 30, 2017), for the proposition that, as a practical matter, the ALJ could not have given any weight to the Burkhart and Stahl opinions because neither assessed a mental RFC, having found her mental impairments nonsevere. *See* Statement of Errors at 6.  However, as the commissioner rejoins, *see* Opposition at 6-8, those cases are distinguishable.

---

[4] The plaintiff's counsel contended for the first time at oral argument that the ALJ incorrectly rejected Dr. Newman's limitations and misconstrued the underlying record evidence in addressing her subjective allegations, citing, *inter alia*, the two demonstrative aids filed shortly before oral argument. *See* ECF Nos. 16-17.  As counsel for the commissioner rejoined, the plaintiff waived these points by failing to include them in her statement of errors.  *See, e.g. Farrin v. Barnhart*, No. 05-144-P-H, 2006 WL 549376, at *5 (D. Me. Mar. 6, 2006) (rec. dec., *aff'd* Mar. 28, 2006) ("Counsel for the plaintiff in this case and the Social Security bar generally are hereby placed on notice that in the future, issues or claims not raised in the itemized statement of errors required by this court's Local Rule 16.3(a) will be considered waived and will not be addressed by this court.") (footnote omitted).

In *Hadley*, this court deemed "illogical" an ALJ's statement that she had given weight to the opinions of agency nonexamining consultants "to the extent consistent with her assessed RFC" when those consultants had not assessed a mental RFC, and the ALJ elsewhere had stated that "she had incorporated limitations *supported by the objective evidence of record*" into her RFC finding. *Hadley*, 2017 WL 4876781, at *5 (emphasis in original). In this case, by contrast, the ALJ explained that, although he had assessed mental limitations based on the plaintiff's subjective allegations and use of psychotropic medications, the opinions of Drs. Burkhart and Stahl that the plaintiff had no severe mental impairment merited the most weight. *See* Record at 19. Importantly, he explained that the additional evidence submitted subsequent to the Burkhart and Stahl reviews did "not provide a basis to change their determinations[,]" and that, although he had found the plaintiff more limited based primarily on her subjective complaints and use of psychotropic medications, "their premise that the [plaintiff] is not disabled is consistent with the medical evidence of record[.]" Record at 19. In so stating, he made clear that, although he deviated from the Burkhart and Stahl opinions, they continued to supply substantial evidence in support of his mental RFC determination.

By contrast, in *Lisa Staples*, the ALJ assigned little weight to the opinions of a treating source and little or some weight to the opinions of agency nonexamining consultants "on the basis that evidence received at the hearing level demonstrated that the [claimant] had greater restrictions" than those consultants had found. *Lisa Staples*, 2017 WL 1011426, at *2. This court, accordingly, "reject[ed] the commissioner's argument . . . that [the ALJ] assessed an RFC more favorable than the evidence supports and/or gave the [claimant] the benefit of the doubt[.]" *Id*.

The plaintiff acknowledges that, in this case, the ALJ gave the most weight to the opinions of Drs. Burkhart and Stahl but contends that "[t]his is a distinction without a difference" because

7

"[t]he ALJ's reliance on the consultants who found no mental impairment is precluded by his finding that [the plaintiff] has two severe mental impairments." Statement of Errors at 7-8. To the contrary, as the commissioner rejoins, *see* Opposition at 6-7, this is a material distinction. Rather than giving only little to some weight to the Burkhart and Stahl opinions on the basis that they had been called into question by later-adduced evidence, the ALJ in this case made clear that later-submitted evidence had not called their opinions into question, as a result of which they continued to merit the "most" weight. Record at 19.

At oral argument, the plaintiff's counsel also cited *Susan S. v. Berryhill*, No. 2:17-cv-00210-JDL, 2018 WL 3618366 (D. Me. July 30, 2018) (rec. dec., *aff'd* Aug. 15, 2018), *Geoffrion v. Berryhill*, No. 2:16-cv-00596-JAW, 2017 WL 5665556, at *3 (D. Me. Nov. 26, 2017) (rec. dec., *aff'd* Dec. 18, 2017), *Vallier v. Berryhill*, No. 1:17-cv-00064-DBH, 2017 WL 5665539 (D. Me. Nov. 26, 2017) (rec. dec., *aff'd* Dec. 12, 2017), and *Coyne v. Berryhill*, No. 2:16-cv-00536-GZS, 2017 WL 4364184 (D. Me. Oct. 1, 2017) (rec. dec., *aff'd* Oct. 19, 2017), for the proposition that, as a practical matter, the ALJ could not have given any weight to the Burkhart and Stahl opinions. Yet those cases are distinguishable from the instant case. *See Susan S.*, 2018 WL 3618366, at *2-4 (ALJ did not assess a physical RFC more favorable than record would otherwise support when she did not accord great weight to the opinions of agency nonexamining consultants, none of whom assessed a physical RFC, because they did not have access to later-adduced evidence); *Geoffrion*, 2017 WL 5665556, at *4 (ALJ did not assess a mental RFC more favorable than record would otherwise support when he "assigned no specific weight" to the opinions of agency nonexamining consultants and "made clear that he rejected them, stating that he had incorporated limitations 'supported by the objective treatment records' from the remote period at issue"); *Vallier*, 2017 WL 5665539, at *4-5 (ALJ did not assess a mental RFC more favorable than record would otherwise

8

support when ALJ purported to give either "some" or "great" weight to the opinion of an agency nonexamining consultant that pertained to an irrelevant time period); *Coyne*, 2017 WL 4364184, at *2-3 (commissioner did not argue that ALJ's mental RFC determination was more favorable than the evidence would otherwise support but, rather, that ALJ "made a permissible commonsense judgment").[5]

Remand, accordingly, is unwarranted on the basis of any of the plaintiff's challenges to the ALJ's assessment of her mental RFC.

### B. Challenge to Job Numbers

The plaintiff, finally, seeks remand on the basis that the ALJ erred in failing to address a post-hearing challenge to the job numbers provided by the vocational expert (VE) at hearing. *See* Statement of Errors at 11-14. This error, too, is harmless.

The VE testified that a person with the plaintiff's limitations could perform, *inter alia*, the job of Housekeeper, *Dictionary of Occupational Titles* § 361.687-022 (U.S. Dep't of Labor 4th ed. 1991) (DOT) § 323.687-010, with 600,000 jobs nationally. *See* Record at 65. The plaintiff does not challenge the numbers provided for that job, instead asserting that, rather than relying on the Housekeeper job to meet the commissioner's Step 5 burden, the ALJ listed the job of Assembler, DOT § 706.684-030, twice. *See* Statement of Errors at 12 & n.2; Record at 20-21. As the commissioner asserts, and his counsel emphasized at oral argument, this plainly was a scrivener's error. *See* Opposition at 15.

---

[5] In her statement of supplemental authorities, the plaintiff cited one additional case in which this court held that an ALJ's RFC determination was not more favorable to the claimant than the record otherwise supported, *Sean M. v. Saul*, No. 1:18-cv-00315-JHR, 2019 WL 4145223 (D. Me. Aug. 30, 2019). *Sean M.*, likewise, is distinguishable from this case, the ALJ having given little weight to the only expert opinion of record bearing on the claimant's mental impairments. *See Sean M.*, 2019 WL 4145223, at *2-3 (ALJ's RFC determination was not more favorable than the evidence would otherwise support "absent any expert opinion that could stand as substantial evidence that the [claimant] was less limited than found by the ALJ").

9

The VE identified three jobs matching the plaintiff's RFC, those of Housekeeper, DOT § 323.687-014, Bench Assembler, DOT § 706.684-042, and Inspector, DOT § 579.687-014. *See* Record at 65-66. She also testified that three jobs were available if one took the same hypothetical person and reduced the exertional level from light to sedentary, including the job of Assembler, DOT § 706.684-030, with 80,000 jobs in the national economy. *See id*. at 66.

The ALJ listed, as the light jobs on which he relied, Assembler, DOT § 706.684-130, Bench Assembler, DOT § 706.684-042, and Inspector, DOT § 579.687-014. *See id*. at 20-21. Yet, the job of "Assembler," as described by the ALJ, matches that of "Housekeeper," as described by the VE: it has the same exertional level (light), Specific Vocational Preparation (SVP) level (2), skill level (unskilled), and number of jobs in the national economy (600,000). *Compare id*. at 20 *with id*. at 65. Plainly, the ALJ mistakenly described the job of "Housekeeper" as that of "Assembler." A scrivener's error does not provide a basis for remand. *See, e.g., LaFlamme v. Colvin*, No. 1:14-cv-57-DBH, 2015 WL 519422, at *5 (D. Me. Feb. 6, 2015) (recognizing scrivener's error); *Meacham v. Astrue*, Civil No. 09-590-P-S, 2010 WL 4412113, at *6 (D. Me. Oct. 31, 2010) (rec. dec., *aff'd* Nov. 18, 2010) (same).[6]

The number of Housekeeping jobs available in the national economy, 600,000, in itself constitutes a significant number of jobs, *see, e.g., Vining v. Astrue*, 720 F. Supp. 2d 126, 137 (D. Me. 2010) (noting that "numbers of jobs in the ballpark of 10,000 to 11,000 nationwide have been

---

[6] At oral argument, the plaintiff's counsel cited *Guber v. Astrue*, No. 1:10-cv-172-JAW, 2011 WL 1253888 (D. Me. Mar. 30, 2011) (re. dec., *aff'd* Apr. 19, 2011), for the proposition that the ALJ did not make sufficiently clear that he intended to rely on the job of Housekeeper to warrant excusing, as a scrivener's error, his failure to cite that job. *Guber* is distinguishable in that, there, it was "not at all obvious that the [ALJ] 'meant' to make a finding that *might* be more harmonious with his ultimate decision[,]" namely, that the claimant had a mild, rather than moderate, limitation in concentration, persistence, or pace. *Guber*, 2011 WL 1253888, at *3 (emphasis in original). In this case, the ALJ's description of the job of "Assembler" matches that of "Housekeeper."

held 'significant'"), rendering the ALJ's error in ignoring the plaintiff's post-hearing submission challenging job numbers harmless.

Remand, accordingly, is unwarranted on the basis of this final point of error.

## II.  Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 25th day of October, 2020.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge